# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALFRED B. LEWIS,

    Plaintiff,

v.                                                    CIV 01-0835 WJ/LCS  ACE

AB WRECKING SERVICE, INC. et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court pursuant to Defendants AB Wrecker Service, Inc. and Victor Castro's Motion to Dismiss (Docket No. 12). In this motion, these Defendants seek dismissal of this cause of action on the grounds of *forum non conveniens*, lack of venue, and lack of subject matter jurisdiction.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff and Defendants Castro, Alfred Lehman, and Anna Louise Lehman were involved in a multiple vehicle collision on eastbound Interstate 10 near the Texas- New Mexico border and just inside Texas. Plaintiff is a resident of New Mexico. The Lehman's, at the time of the accident, were residents of California but have since moved to Oklahoma.[1] AB Wrecker is a Texas corporation with its principal place of business in Texas. AB Wrecker also conducts some business in New Mexico, though it claims its New Mexico business is less than 1% of its total business. Defendant Castro is an employee of AB Wrecker. Castro was driving a truck owned by

---

[1] Defendants Alfred and Anna Louise Lehman do not appear to have yet been brought into the case.

AB Wrecker at the time of the collision.

Plaintiff filed his Complaint in this Court alleging subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332. The Complaint states that the parties to this action are completely diverse and that the amount in controversy is in excess of $75,000. The Complaint alleges that Plaintiff's vehicle was in front of the Lehman vehicle which was, in turn, in front of the AB Wrecking vehicle. Plaintiff's vehicle was stopped due to a traffic jam. Plaintiff alleges that the AB Wrecking vehicle collided with the Lehman vehicle which in turn collided with Plaintiff's vehicle. These events took place in Texas.

Defendants Castro and AB Wrecking (hereinafter Defendants) filed their Motion to Dismiss and as grounds asserted that this Court is a *forum non conveniens*. Alternatively, they argued that venue is not properly laid in this Court because the Court lacks personal jurisdiction over Defendants. Finally, they argue that this Court lacks subject matter jurisdiction over this action because Plaintiff cannot possibly recover in excess of $75,000 in damages.

I.  VENUE

Defendants, for the first time, raise the issue of improper venue in this Motion to Dismiss. Rule 12(b) of the Federal Rules of Civil Procedure requires that the defense of improper venue be raised in the responsive pleading or be made by motion before pleading. Fed. R. Civ. P. 12(b)(3). Defendants' Answer pleads that this Court may not be the most convenient forum. Defendants' Affirmative Defenses ¶ 2. Defendants did not raise the defense of improper venue until the filing of their Motion to Dismiss well after their Answer was filed. Therefore, Defendants have waived the defense of improper venue and are deemed to have consented to venue in this Court whether or not it would otherwise have been proper.

II.     SUBJECT MATTER JURISDICTION OF THIS COURT UNDER 28 U.S.C. § 1332.

Defendants argue that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff cannot establish the amount in controversy requirement. Specifically, Defendants state that Plaintiff filed an earlier claim alleging that damages totaled $5,000. See Exhibit 9 to Defendants' Memorandum in Support of Their Motion to Dismiss. Additionally, Defendants state that they received a faxed memorandum from Plaintiff's attorney giving a line item estimate of damages. Exhibit 3 to Defendants Reply. The numbers for past and future medical expenses and property damage total less than $ 20,000 while the totals for lost earnings and pain and suffering are in excess of $100,000. Defendants would have this Court look behind these calculations to find that Plaintiff cannot possibly have an amount in controversy in excess of $75,000 because the figures asserted are not reasonable.

Defendants are correct that the burden is initially on Plaintiff to show that this Court has subject matter jurisdiction over this controversy by showing that the amount in controversy exceeds $75,000. However, the amount claimed by a plaintiff in pleadings in diversity actions ordinarily controls if the claim is apparently in good faith. F & S Const. Co., Inc., v Jensen, 337 F.2d 160, 162 (10th Cir. 1964). Only if it is established **as a matter of law** before or during the trial that a plaintiff was not entitled to recover an amount sufficient to meet the jurisdictional requirement will a court lack subject matter jurisdiction. Id. (emphasis added). Here the issue of what Plaintiff may be entitled to recover in damages remains an issue of fact, and it cannot be established as a matter of law that Plaintiff is not entitled to recover damages in excess of $75,000. Therefore, this Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332.

III.	FORUM NON CONVENIENS

Defendants argue that this Court should dismiss this case on the basis of *forum non conveniens*. Plaintiff states that this Court is not so inconvenient a forum for Defendants as to meet the standards of the doctrine of *forum non conveniens*.

A plaintiff's choice of forum deserves substantial deference and should rarely be disturbed. Piper Aircraft Company v Reyno, 454 U.S. 235, 241, 242 (1981). However, a court may apply, in its sound discretion, the doctrine of *forum non conveniens* "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience . . ." Id. at 241.

It is not clear that an adequate alternative forum exists. Defendants argue that a Texas state court is an adequate, alternative forum for this dispute. The Second Circuit has found that an alternative forum is generally adequate if defendants are subject to service of process in the alternative forum and the forum permits litigation of the subject matter in dispute. Bank of Credit and Commerce Int'l (Overseas) Ltd. v State Bank of Pakistan, 273 F.3d 241, 246 (2nd Cir. 2001). A forum is not adequate for purposes of *forum non conveniens* analysis if a statute of limitations bars the bringing of action in that forum. Plaintiff urges that Defendants, in attempting to obtain a dismissal on the grounds of *forum non conveniens*, are hoping to prevent this dispute from being litigated because the statute of limitations in Texas will bar this cause of action. Defendants have done nothing to show that the statute of limitations in Texas would not bar this cause of action if this Court were to dismiss the case under the doctrine of *forum non conveniens*. Thus, I am not convinced that a court in Texas is an adequate, alternative forum in which Plaintiff might bring this cause of action.

Even if a Texas court were an adequate, alternative forum for this dispute, Defendants have failed to show that litigation of this cause of action in Las Cruces, New Mexico is so oppressive and vexatious to Defendants, as compared to litigation in El Paso County, Texas, and so out of all proportion to Plaintiff's convenience in litigating the case in Las Cruces that this Court should invoke the doctrine of *forum non conveniens*. The Court takes judicial notice of the fact that Las Cruces, New Mexico and El Paso, Texas are 46 miles apart. Rand McNally, The Road Atlas, United States, Canada & Mexico, 68 (2002).

Defendants, in applying the private and public factors of the *forum non conveniens* analysis, have shown that the Texas forum might be slightly more convenient for Defendants than the New Mexico forum. The relative ease of access to sources of proof might be somewhat greater in El Paso, Texas than in Las Cruces, New Mexico. Although this Court, under Fed. R. Civ. P 45(b)(2) may compel witnesses in El Paso, Texas to appear in Las Cruces, New Mexico, witnesses will have to travel a bit further to attend court in Las Cruces. In the unlikely event it is necessary during litigation to view the "premises" in this case, this location, presumably somewhere between Las Cruces and El Paso, may or may not be slightly closer to El Paso, Texas than to Las Cruces, New Mexico.

The substantive law of Texas will govern the dispute between the parties, and it might be moderately more difficult for this New Mexico Court to apply Texas law than for a Texas court to do so. While the jurors in New Mexico may lack interest in a case such as this, they are not, as Defendants assert, completely unconnected to this litigation. After all, Plaintiff is a resident of New Mexico. For the same reason, the Court might consider the local interests in having local controversies decided at home to weigh in favor of Plaintiff's choice of forum. Finally, I am

5

willing to trust that the enforceability of any judgment of this Court will be as good in Texas as a judgment of a Texas court.

It is not enough that Defendants have shown that Plaintiff's choice of forum is slightly inconvenient to Defendants as compared to Defendants' proposed alternative forum.  Defendants must show that Plaintiff's choice of forum is grossly inconvenient (vexatious and oppressive).  Defendants have not made such a showing.

IT IS THEREFORE ORDERED  that Defendants' Motion to Dismiss (Docket No. 12) is DENIED.

_____
UNITED STATES DISTRICT JUDGE